**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HANNOVER INSURANCE**
**COMPANY,**

> **Plaintiff,**

**vs.**                                            **Case No. 6:05-cv-576-Orl-19DAB**

**DOLLY TRANS FREIGHT, INC.,**

> **Defendant.**
> _____

## ORDER

This case comes before the Court on the following:

1.       Motion for Summary Judgment and Incorporated Memorandum of Law, filed by Plaintiff Hannover Insurance Company on January 30, 2006; (Doc. No. 53);

2.       Motion for Summary Judgment and Memorandum of Law in Support Thereof and in Opposition to Hannover Insurance Company's Motion for Summary Judgment, filed by Defendant Dolly Trans Freight, Inc. on March 1, 2006; (Doc. No. 59); and

3.       Memorandum in Opposition to Defendant/Counter Plaintiff's Motion for Summary Judgment, filed by Hannover Insurance Company on April 3, 2006.  (Doc. No. 63).

**Background**

The instant diversity action arises from an insurance contract dispute between the insurer, Plaintiff Hannover Insurance Company ("Hannover"), and the insured, Defendant Dolly Trans Freight, Inc. ("Dolly"). Hannover has brought the instant motion for summary judgment seeking a declaration that no insurance coverage exists for damages to a tractor-trailer involved in a traffic accident. (*See* Doc. No. 53). Dolly has cross-filed a motion for summary judgment, seeking a declaration that Hannover is estopped under Florida law from denying coverage and that Hannover has breached an insurance policy agreement between the two parties. (*See* Doc. No. 59).

Most of the facts alleged in the Amended Complaint are not in dispute. In the year 2000, Hannover issued Dolly a commercial lines insurance policy covering Dolly's trucking operations. The policy became effective on November 1, 2000, and expired on November 1, 2001. (*See* Doc. No. 21). Among other provisions, the policy contained a Motor Truck Cargo Coverage Declaration which stated that it was part of the applicable insurance policy. (Doc. No. 21-3, p. 2; Doc. No. 53, ¶ 10; Doc. No. 59,  p.2). The Cargo Coverage Declaration contained the following language: "The term 'Truck' or 'Tractor' includes trailers and semi trailers, or any combination thereof, *or any unidentified trailer(s) only while attached to a scheduled tractor or truck*." (Doc. No. 21-3, p.2) (italics added).

On July 13, 2001, Ramon Aviles Reyes was operating a tractor-trailer in Volusia County, Florida in or near the town of Seville, Florida. (Doc. No. 53; pp. 1-2; Doc. No. 59, pp. 2-3). At a railroad crossing in or near Seville, such vehicle was involved in a fatal

accident with a train.  As a result of the accident, Mr. Reyes was killed, and the tractor-trailer and its cargo were damaged.  (Doc. No. 53, pp. 1,3; Doc. No. 59; p.2; Doc. No. 63, ¶ 3).

While there was no dispute that Dolly owned the trailer that was involved in the traffic accident, it was discovered that a third party, Patco Transport, Inc. ("Patco"), owned the tractor which Mr. Reyes was operating on July 13.[1]  This discovery led to various disputes between Patco, Dolly, and the owner of the train regarding liability and indemnification.  Litigation ensued, and as a result a clerk's entry of default was entered against Dolly on October 31, 2003.[2]  Patco obtained a final default judgment against Dolly on May 7, 2004.[3]

Dolly claims that it gave Hannover notice of such default on April 27, 2004, yet Hannover breached its duty to defend Dolly by doing nothing to set aside the clerk's entry of default before a final default judgment was entered.  Hannover does not explicitly admit or deny this allegation but argues in its Motion for Summary Judgment that it is irrelevant because the insurance policy at issue clearly and explicitly excludes from coverage trailers which are not attached to scheduled tractors or trucks.  (*See* Doc. No. 21-3, p. 2; Doc. No. 53, p. 3).  Thus, Hannover argues, because there is no insurance coverage, there is no duty to defend.  Dolly also contends that Hannover is estopped from denying coverage due to a

---

[1]  *See, e.g.,* Doc. No. 53, ¶¶ 8-9; Doc. No. 59, p. 2.

[2]  *See Nat'l Railroad Passenger Corp. v. Patco Transport, Inc.*, Case No. 6:02-cv-898-Orl-19JGG, Doc. No. 55.

[3]  *See Nat'l Railroad Passenger Corp. v. Patco Transport, Inc.*, Case No. 6:02-cv-898-Orl-19JGG, Doc. No. 74, 80, 81 *aff'd* by Doc. No. 88.

failure to comply with the Florida Claims Administration Statute.  *See* Fla. Stat. Ann. § 627.426(2).  Hannover contends that this statute does not apply in the case at bar.

This Order analyzes Hannover's Motion for Summary Judgment, Dolly's Motion for Summary Judgment and In Opposition to Hannover's Motion for Summary Judgment, and Hannover's Memorandum in Opposition to Dolly's Motion for Summary Judgment.

## Standard of Review

Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party."  *Id.*  The moving party bears the burden of proving that no genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether the moving party has satisfied its burden, a court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party.  *Anderson*, 477 U.S. at 255.  The court may not weigh conflicting evidence or weigh the credibility of the parties.  *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993) (citation omitted).  If a reasonable fact finder could draw more than one inference from the facts, and that inference creates an issue of material fact, then a court must not grant summary judgment.  *Id.* (citation omitted).

Once a movant who does not bear the burden of proof on the pertinent claim or defense satisfies its initial burden under Rule 56(c) of demonstrating the absence of a genuine issue of material fact, the burden shifts to the party bearing the burden of proof on the pertinent claim or defense to come forward with specific facts showing that there is a genuine issue for trial. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-17 (11th Cir. 1993); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The non-movant must demonstrate that there is a material issue of fact that precludes summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). "A mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990) (citing *Anderson*, 477 U.S. 242). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). All justifiably inferences are to be drawn in favor of the non-movant, and the evidence presented by the non-movant is to be believed by the court. *Tipton*, 965 F.2d at 999 (quoting *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-159 (1970)). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue of material fact remaining for trial. *Matsushita*, 475 U.S. at 587 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)) (internal quotation marks omitted).

**Analysis**

**I.  Hannover's Motion for Summary Judgment**

After examining the pleadings, evidence, and admissions on file, the Court concludes that Hannover has not met its burden of demonstrating that no coverage existed for the accident in question.  For this reason, Hannover's argument that it is entitled to summary judgment on the issue of coverage is not well taken.

Hannover argues that principles of contract interpretation require the Court to find that no coverage existed in the instant scenario.  (*See* Doc. No. 53, pp. 4-5).  It argues that it is undisputed that Patco owned the tractor being operated by Reyes, while Dolly owned the trailer.  (*Id.*)  It further argues that the parties do not dispute that the tractor owned by Patco was not a "scheduled" tractor under the policy.  (*Id.*)  Thus, it argues, the above-quoted language applies and excludes insurance coverage for the accident in question.[4] (*Id.*)

Florida insurance law guides the Court's resolution of this issue.   In Florida, contracts of insurance should receive a construction that is reasonable, practical, sensible, and just.  *Weldon v. All Am. Life Ins. Co.*, 605 So.2d 911, 915 (Fla. 2d DCA 1992).  Terms used in a policy should be read in light of the skill and experience of ordinary people.  *Lindheimer v. St. Paul Fire & Marine Ins. Co.*, 643 So.2d 636, 638 (Fla. 3d DCA 1994).  Insurance policies will not be construed to reach an absurd result.  *Deni Assocs. of Fla., Inc. v. State Farm Fire & Cas. Ins. Co.*, 711 So.2d 1135, 1140 (Fla. 1998).  Furthermore, policy provisions excluding or limiting the insurer's liability are construed more strictly than

---

[4] The policy reads, "The term 'Truck' or 'Tractor' includes  trailers and semi trailers, or any combination thereof, *or any unidentified trailer(s) only while attached to a scheduled tractor or truck*." (italics added).

provisions that provide coverage.  *Purrelli v. State Farm Fire & Cas. Co.*, 698 So.2d 618, 620 (Fla. 2d DCA 1997).  Such limiting provisions must be construed in favor of the insured if they are ambiguous or reasonably susceptible to more than one meaning.  *Deni*, 711 So.2d at 1138.

The rule of liberal construction in favor of the insured, however, applies only when a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to the ordinary rules of construction.  *Id.*  In construing an insurance policy, courts should read the policy as a whole, endeavoring to give contract provisions their full meaning and operative effect.  *Auto-Owners Ins. Co. v. Anderson*, 756 So.2d 29, 34 (Fla.2000).  Indeed, a single policy provision should not be considered in isolation but instead should be construed according to the entirety of its terms as set forth in the policy and as amplified by the policy application, endorsements, or riders.  *Swire Pac. Holdings, Inc. v. Zurich Ins. Co.*, 845 So.2d 161, 166 (Fla. 2003).  The lack of a definition of an operative term does not, by itself, create ambiguity.  *State Farm Fire & Cas. Co. v. CTC Dev. Corp.*, 720 So.2d 1072, 1076 (Fla.1998).  Further, ambiguity does not exist merely because an insurance contract is complex and requires analysis to interpret it.  *Swire*, 845 So.2d at 165.

In the case at bar, the most significant problem with Hannover's argument is that it erroneously assumes that Dolly has admitted or stipulated that the Patco-owned tractor was not a "scheduled" tractor under the policy in question, when in fact Dolly has disputed this allegation.  Both in its Answer[5] and in its Memorandum in Opposition to Hannover's Motion

---

[5]  *See, e.g.,* Doc. No. 17, ¶¶ 18, 29; Doc. No. 23-1,¶¶ 18, 29, where Hannover alleges that the policy in question did not provide coverage for the trailer or the tractor, and Dolly denies

(continued...)

for Summary Judgment,[6] Dolly expressly contests the allegation that the tractor at issue was not a scheduled tractor under the policy.  As Hannover offers no evidence other than the policy itself to support this key link in its argument, the Court cannot grant summary judgment on the issue of coverage.

Furthermore, even if the Court could conclude based solely on the policy that the tractor at issue was not a scheduled tractor under the policy, the language of the policy in question raises numerous issues which, absent any evidence or argument by either of the parties, prevents the Court from finding that there was no coverage as a matter of law.  First, the contents of the policy suggest this clause may have been partially or completely waived by Hannover.  In the block of text immediately preceding the above quoted language, there is a section entitled "Schedule of Covered Trucks/Vehicles," which appears to have been intended for the insurer to list the scheduled trucks.  (*See* Doc. No. 21-3, p. 2).  However, instead of listing the scheduled trucks, the policy indicates the insurer waived this requirement.[7]  (*Id.*)  If Hannover did indeed waive the requirement of having a schedule of units, it is not an unreasonable inference that it may have waived the language directly below requiring unidentified trailers to be attached to a scheduled tractor.

Finally, if Hannover waived the requirement of the policy that the schedule of trucks be listed, this could create ambiguity in the above-quoted language.  If the Motor Truck

[5](...continued)
both allegations in its Answer.

[6]  *See, e.g.*, Doc. No. 53, p. 3, ¶¶ 11-12; Doc. No. 59, p. 2 ("... DOLLY TRANS does not disagree with paragraphs seven through ten, but paragraphs eleven and twelve are disputed.")

[7]  Instead of listing the year, make, and model of Dolly's trucks, the policy states "Schedule of Units Wavied [sic]."  Doc. No. 21-3, p.2.

Cargo Coverage Form only intended to cover trailers attached to scheduled tractors, and there are no scheduled tractors because this requirement was waived by the insurer, then an ambiguity may exist as to which tractors or trucks, if any, are "scheduled tractors or trucks" under the policy.

Under Florida law, ambiguous language in an insurance contract exclusion is interpreted narrowly and construed in favor of the insured. *Swire*, 845 So. 2d at 165; *Demshar v. AAACon Auto Trans., Inc.*, 337 So. 2d 963, 965 (Fla. 1976). Conflicts between the schedules page of an insurance policy and definitions of covered vehicles are ordinarily resolved in favor of the insured. *American States Ins. Co. v. Dick's Crane Serv., Inc.*, 399 So. 2d 442, 444 (Fla. 5th DCA 1981). Furthermore, insurance contracts should not be construed to reach an absurd result,[8] such as a motor truck insurance policy providing no coverage for motor trucks.

Thus, summary judgment on the issue of coverage must be denied. Absent evidence from any party regarding these issues, the Court must conclude that Hannover has not met its burden of demonstrating that the insurance policy in the case at bar provides no coverage for the accident in question as a matter of law. Construing all inferences in favor of the non-moving party, Dolly, the Court cannot conclude as a matter of law that no coverage existed. *See Anderson*, 477 U.S. at 255.

---

[8] *See, e.g., James v. Gulf Life Ins. Co.,* 66 So. 2d 62 (Fla. 1953).

-9-

## II.  Dolly's Motion for Summary Judgment

In its Motion for Summary Judgment, Dolly argues that regardless of whether coverage exists, Hannover is estopped from denying coverage for two reasons.  First, Dolly contends that Hannover is estopped from denying coverage for failure to comply with the Florida Claims Administration Statute.  *See* Fla. Stat. Ann. § 627.426(2).  Secondly, Dolly argues that Hannover is estopped from denying coverage because Hannover undertook the defense of the claim at issue and Dolly relied on this undertaking to its detriment.  Dolly does not move for summary judgment on the issue of whether coverage existed.

The Court will address each of these issues in turn.

## A.  Florida Claims Administration Statute

The Florida Claims Administration Statute ("FCAS") provides that if an insurer wishes to deny or question the availability of coverage under a particular policy based on a particular coverage defense, it must first provide certain written notifications to the named insured.  *See* Fla. Stat. Ann. § 627.426(2).[9]  Dolly argues that Hannover failed to provide it

---

[9]  The full text of Section 627.426(2), Florida Statutes, states:
(2) A liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless:

    (a) Within 30 days after the liability insurer knew or should have known of the coverage defense, written notice of reservation of rights to assert a coverage defense is given to the named insured by registered or certified mail sent to the last known address of the insured or by hand delivery; and

    (b) Within 60 days of compliance with paragraph (a) or receipt of a summons and complaint naming the insured as a defendant, whichever is later, but in no case later than 30 days before trial, the insurer:

        (1) Gives written notice to the named insured by registered or certified mail of its refusal to defend the insured;

        (2) Obtains from the insured a nonwaiver agreement following full disclosure of the specific facts and policy provisions upon which the

(continued...)

-10-

with the requisite notification under the FCAS and thus should be estopped from denying coverage in the instant case even if no coverage existed.  Hannover responds that the FCAS is inapplicable to the case at bar because the FCAS applies only when an insurer denies coverage based on a particular coverage defense and not when an insurer denies coverage based on a complete lack of coverage for the loss sustained.  Hannover also seeks summary judgment in its favor on this counterclaim by Dolly.

Dolly has not met its burden of proving that no issue of material fact exists and that it is entitled to judgment as a matter of law on its FCAS claim.  Florida law is clear that the FCAS does not apply to a defense of no coverage.  *See, e.g.*, *Almendral v. Security Nat'l Ins. Co.*, 704 So. 2d 728, 730 (Fla. 3d DCA 1998).  Generally, the FCAS cannot create coverage by estoppel;[10] the statute was never intended to provide coverage where coverage otherwise does not exist, even if the insurer fails to comply with the notification provisions.  *See, e.g., Doe on Behalf of Doe v. Allstate Ins. Co.,* 653 So.2d 371, 374 (Fla.1995); *Auto Owners Ins. Co. v. Travelers Cas. & Surety Co.*, 227 F.Supp.2d 1248, 1260 (M.D. Fla. 2002); *GRG Transport, Inc. v. Certain Underwriters at Lloyd's, London*, 896 So.2d 922, 925-26 (Fla. 3d DCA 2005).

---

[9](...continued)
> coverage defense is asserted and the duties, obligations, and liabilities of the insurer during and following the pendency of the subject litigation; or (3) Retains independent counsel which is mutually agreeable to the parties. Reasonable fees for the counsel may be agreed upon between the parties or, if no agreement is reached, shall be set by the court.

[10]  *See, e.g., Atlantic Cas. and Fire Ins. Co. v. Nat'l American Ins. Co.*, 915 F.Supp. 1218, 1225-26 (M.D. Fla. 1996).

In the instant case, if coverage did not exist for the vehicle involved in the accident in question, then even if Hannover failed to abide by the notification provisions in the FCAS, that statute could not legally extend coverage where none existed. Hannover does not seek to question or deny coverage based on a particular coverage defense but rather asserts that there is a complete lack of coverage. Hence, Hannover is correct that the FCAS is inapplicable to the case at bar. *See* Fla. Stat. Ann. § 627.426(2).

For these reasons, summary judgment is warranted in favor of Hannover and against Dolly to the extent that Dolly argues the FCAS estops Hannover from attempting to assert a complete lack of coverage in the case at bar.

### B. Undertaking the Defense of a Claim

On June 20, 2003, Patco filed a third-party complaint against Dolly in the prior action. (*See* Doc. No. 59, Ex. A). Due to what the United States Court of Appeals for the Eleventh Circuit termed "a lack of minimum procedural safeguards for responding to complaints in a legal action," a Clerk's Entry of Default was entered against Dolly on October 31, 2003, which later became a final default judgment. *See Nat'l Railroad Passenger Corp. v. Patco Transport, Inc.*, Case No. 6:02-cv-898-Orl-19JGG, Doc. No. 55, 88. According to an affidavit filed by Dolly in the case at bar, Hannover was not notified of the prior action until on or about April 27, 2004, when an attorney for Patco faxed a letter referencing the case to BDL Management, an agent of Hannover's. (*See* Case No. 6:05-cv-576-Orl-19DAB, Doc. No. 59, Ex. D). Dolly has produced uncontested evidence that by April 28, 2004, Hannover had actual notice of the prior action, as Patco sent certain documentation regarding the case to an agent of Hannover. (*See id.*) Dolly presents no

evidence of any other communications between Patco and Hannover or Dolly and Hannover after April 28, 2004.

On May 7, 2004, seven business days after the communication between Patco and an agent of Hannover, trial was scheduled to begin in the prior action between Patco and Dolly. No one appeared in Court on behalf of Dolly, and a final default judgment was entered on behalf of Patco against Dolly by the Court. (*See, e.g., id.* at ¶ 8). Dolly presents unrefuted evidence that on or about May 18, 2004, an agent of Hannover contacted Attorney Rodney C. Lundy and requested that he assist in setting aside the default judgment against Dolly in the prior action. (*See* Doc. No. 59, Ex. B). Dolly's President, Adalberto Mercado, testified via affidavit that he did not participate in the decision to hire Lundy or his law firm and that Hannover exercised exclusive control over Lundy's actions after he began his representation. (Doc. No. 59, Ex. C). Mercado adds that he cooperated fully with Lundy and Hannover and at no time prior to Lundy's appearance on behalf of Dolly did he receive a written reservation of rights or a coverage dispute letter from Hannover. (*See id.*) Lundy was ultimately unsuccessful in setting aside the default judgment. (*See, e.g.,* Doc. No. 59, Ex. B).

Nicholas A. Shannin, an attorney for Patco, testified via affidavit that he would have agreed to a continuance of the trial in the prior action had Hannover asked him to do so in order to allow more time to set aside the clerk's entry of default against Dolly. (*See* Doc. No. 59, Ex. D). Shannin further stated that he would have stipulated to setting aside the clerk's entry of default had an attorney appeared before the Court on May 7, 2004 and requested such relief on behalf of Dolly. (*See id.*) Dolly argues the above evidence

-13-

demonstrates that Hannover assumed the defense of Dolly without notice of exclusions to coverage and failed to properly exercise this duty to its detriment.  Dolly does not allege, however, that Hannover should have known of the prior action before Hannover was notified in April of 2004.

Dolly claims that Hannover's actions after receiving notice of the prior action between Dolly and Patco legally estop Hannover from denying coverage in the instant case. Florida case law recognizes an exception to the general rule that coverage cannot be created or extended by estoppel.  "When an insurance company assumes the defense of an action, with knowledge, actual or presumed, of facts which would have permitted it to deny coverage, it may be estopped from subsequently raising the defense of non-coverage. Whether the exception to the rule applies depends upon whether the insurer's assuming the defense prejudiced the one claiming to be insured."  *See Doe*, 653 So. 2d at 373-74.  Because this narrow exception is based on grounds of equity and fairness,[11] and requires, *inter alia*, a proffer that the insured has been prejudiced by the insurer's actions, the Florida Supreme Court held that the *Doe* opinion is entirely consistent with its earlier decisions which indicate that Section 627.426(2), Florida Statutes, cannot create insurance coverage by estoppel.  *See, e.g., Doe*, 653 So.2d at 374.

After considering all inferences drawn from the underlying facts in the light most favorable to Hannover, and resolving all reasonable doubts against the moving party, the

---

[11]  The *Doe* Court further instructed:  "If an insurer erroneously begins to carry out these [defense] duties, and the insured, as required, relies upon the insurer to the insured's detriment, then the insurer should not be able to deny the coverage which it earlier acknowledged."  *Doe,* 653 So. 2d at 374.

Court concludes that Dolly has not met its burden of demonstrating that no genuine issue of material fact exists with regard to its Florida common law estoppel claim.   Though passionately argued, Dolly's motion fails to demonstrate nearly all of the elements of the *Doe* rule.   First, and most importantly, an issue of fact exists as to whether it was actually any action (or inaction) on the part of Hannover which worked to prejudice Dolly.   A reasonable inference from the underlying facts would be that Dolly's negligence in failing to respond to the Complaint or provide notice of the Complaint to Hannover for nearly six months during the course of the prior action was the actual cause of the harm suffered by Dolly, rather than any alleged error by Hannover.   In addition, Dolly presents no evidence of any of its communications with Hannover.   In fact, according to the evidence presented by Dolly, it was Patco that informed Hannover of the prior action and not the insured.   Thus, an issue of fact also exists as to whether that Dolly relied on Hannover to its detriment.[12]  *See id.*  It is the insured's burden to demonstrate that the insurer's assumption of its defense has prejudiced it in order to estop the insurer from denying coverage,[13] and Dolly has not met such burden.

Furthermore, an issue of fact remains regarding whether Hannover issued a reservation of rights notification to Dolly after providing legal services in the prior action. When the insurer issues a reservation of rights letter to the insured indicating that coverage may not exist, this evidence counsels against a finding of estoppel.  *See, e.g., Solar Time Ltd.*

---

[12] "The inquiry under Florida law is on the prejudice to the insured, not a third party." *Solar Time Ltd. v. XL Specialty Ins. Co.*, 142 Fed. Appx. 430, 434 (11th Cir. 2005).

[13] *See Doe*, 653 So. 2d at 374.

-15-

*v. XL Specialty Ins. Co.*, 142 Fed. Appx. 430, 434 (11th Cir. 2005).  This is because a reservation of rights letter lessens the possibility that the insured will feel a "false sense of security" or fail to investigate a potential lack of coverage on its own.  *See Florida Mun. Ins. Trust v. Village of Golf*, 850 So. 2d 544, 547 (Fla. 4th DCA 2003).  In the case at bar, Adalberto Mercado stated in his affidavit only that Hannover never issued a written letter reserving any rights at any time prior to the appearance of Attorney Lundy.  (Doc. No. 59, Ex. C).  Construing all reasonable inferences in the light most favorable to Hannover, this statement leaves open the possibility that Hannover verbally stated its objections to coverage at some point in time or issued a written reservation of rights on or after May 18, 2004, the first day Lundy made an appearance on behalf of Dolly in this Court.  (*See* Case No. 6:02-cv-898-19JGG, Doc. No. 76).  Hence, as several issues of fact remain which suggest the facts alleged as constituting estoppel may be too speculative,[14] the Court will not grant summary judgment for Dolly on the issue of estoppel.

Hannover also moves for summary judgment on this counterclaim by Dolly. However, because Hannover's sole argument for summary judgment is that no coverage existed for the accident in question, and the Court finds that an issue of fact remains regarding the existence of coverage,[15] Hannover's request for summary judgment on this issue is also denied.

---

[14]  *See Family Care Center P.A. v. Truck Ins. Exch.*, 875 So. 2d 750, 754 (Fla. 4th DCA 2004).

[15]  *See supra* section I of the Analysis portion of the Court's opinion.

**Conclusion**

Based on the foregoing, the Motion for Summary Judgment and Memorandum of Law in Support Thereof filed by Defendant Dolly Trans Freight, Inc. on March 1, 2006, (Doc. No. 59), is **DENIED**.  The Motion for Summary Judgment and Incorporated Memorandum of Law filed by Plaintiff Hannover Insurance Company on January 30, 2006, (Doc. No. 53), is **GRANTED IN PART and DENIED IN PART**. Summary Judgment is **GRANTED** in favor of Hannover and against Dolly to the extent that Dolly argues the Florida Claims Administration Statute estops Hannover from attempting to deny the existence of coverage in the instant case.  In all other respects, Hannover's Motion for Summary Judgment, (Doc. No. 53), is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this 2nd___ day of May, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

-17-