**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HANNOVER INSURANCE**
**COMPANY,**

    **Plaintiff,**

**vs.**                                **Case No. 6:05-cv-576-Orl-19DAB**

**DOLLY TRANS FREIGHT, INC.,**

    **Defendant.**

**ORDER**

This case comes before the Court on the Motion to Amend Findings and Motion for New Trial and Incorporated Memorandum of Law, filed by Plaintiff Hannover Insurance Company ("Hannover") on December 28, 2006, (Doc. No. 99), and the Memorandum of Law in Opposition to Motion to Amend Findings and Motion for New Trial, filed by Defendant Dolly Trans Freight, Inc. ("Dolly") on January 8, 2007. (Doc. No. 100).

**Background**

On November 14, 2006, a bench trial was held in the instant case. On December 18, 2006, the Court entered an Order ruling in Dolly's favor on the issues presented at trial and finding that coverage existed for the accident in question, that Dolly timely notified Hannover of the Patco litigation before a default judgment was entered, and that Hannover through its own inaction failed to timely act to avoid the entry of a default judgment against Dolly. Thus, the Court directed the Clerk of Court to enter judgment in favor of Dolly and against Hannover. (*See* Doc. No. 97).

Hannover now moves the Court to amend its findings and/or grant it a new trial under Federal Rules of Civil Procedure 52(b) and 59, respectively. Hannover argues that the Court failed to address its argument that the tractor-trailer operator, Ramon Aviles Reyes, was not an "insured" under the policy at issue and thus that there was no coverage under the policy in question for Mr. Reyes' accident. (*See* Doc. No. 99 at pp. 5-7). Hannover further argues that the Court failed to consider its argument that the policy provided only excess coverage for the accident in question. (*See id*. at p. 10). Finally, Plaintiff argues that the evidence presented at trial failed to establish that 1) the policy at issue provided coverage for the trailer involved in the accident and 2) that Futurity Insurance, Inc. ("Futurity"), the insurance agent which handled Dolly's policy with Hannover, was also Hannover's agent for the purpose of receiving notice of the accident in question and the Patco litigation. (*See id*. at pp. 7-10). In response, Dolly argues that the Court did not err in its findings and that the Judgment should be upheld in all respects. (*See generally* Doc. No. 100).

## Standard of Review

### A. Federal Rule of Civil Procedure 52

Rule 52(a) requires a district court sitting without a jury to find the facts with enough specificity for a reviewing court to identify the factual findings upon which the court's legal conclusions are based. *See Stock Equipment Co. v. Tennessee Valley Auth.*, 906 F.2d 583, 592 (11th Cir. 1990) (citing *Feazell v. Tropicana Products, Inc.*, 819 F.2d 1036, 1041-42 (11th Cir.1987)). Although there must be sufficient record evidence to support the findings,

a district court need not "state the evidence or any of the reasoning upon the evidence,"[1] nor "assert the negative of rejected propositions." *See id.* (quoting 5A J. Moore & J. Lucas, Moore's Federal Practice ¶ 52.06[1] (2d ed. 1989); *see also Western Pacific Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1285 (9th Cir.1984) (appellate court assumes that the trial judge considers all of the evidence, and relies on so much of it as supports the finding and rejects what does not support the finding, unless the judge states otherwise). In addition, "the judge need only make brief, definite, pertinent findings and conclusions upon the contested matters; there is no necessity for over-elaboration of detail or particularization of facts." Fed.R.Civ.P. 52, adv. comm. note.

Rule 52(b) provides that when findings of fact are made in actions tried without a jury, upon a party's timely motion the district court's findings may later be questioned whether or not the moving party objected to such findings, moved to amend them, or moved for partial findings during the trial. *See* Fed. R. Civ. P. 52(b). The purpose of this rule is to allow the court to correct plain errors of law or fact, or, in limited situations, to allow the parties to present newly discovered evidence, but not to allow the relitigation of old issues, a rehearing on the merits, or the presentation of new theories of the case. *See Roadmaster (USA) Corp. v. Calmodal Freight Sys., Inc.*, 153 Fed.Appx. 827, 829 (3d Cir. 2005); *Gutierrez v. Ashcroft*, 289 F.Supp.2d 555, 561 (D. N.J. 2003). Thus, requests pursuant to Rule 52 and Rule 59(a) "are to be granted sparingly, and only when dispositive factual matters or controlling decisions of law were brought to the Court's attention, but not

---

[1] *See id.* (quoting *Petterson Lighterage & Towing Corp. v. New York Central R.R.*, 126 F.2d 992, 996 (2d Cir.1942)).

considered." *See, e.g., Gutierrez*, 289 F.Supp.2d 555, 561 (D. N.J. 2003) (internal citations omitted).

### B. Federal Rule of Civil Procedure 59(a)

Plaintiff also moves the Court for a new trial pursuant to Rule 59. A federal court may grant a new trial on all or part of the issues:

> [I]n an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

Fed. R. Civ. P. 59(a)(2). As the United States Supreme Court has instructed, "[w]here the practice permits a partial new trial, it may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." *Gasoline Prods. Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931); *see also Overseas Private Inv. Corp. v. Metropolitan Dade County*, 47 F.3d 1111, 1113 (11th Cir.1995) (quoting same). A trial court should not grant a new trial merely because the losing party could probably present a better case on another trial. A motion for new trial in a non-jury case should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons. *See Ball v. Interoceanica Corp.*, 71 F.3d 73, 76 (2d Cir. 1995) (quoting 11 Charles A. Wright et al., Federal Practice & Procedure § 2804, at 53 (2d ed. 1995)).

### Analysis

After reviewing the documents, evidence, arguments, and testimony submitted by the parties, the Court finds, in reviewing the evidence and making findings of fact and

conclusions of law in the instant case, that no error was committed. The Court will address each of Hannover's arguments in turn.

### A. The Court Addressed All of Hannover's Properly Submitted Arguments

Hannover argues that the Court failed to consider the arguments that the policy provided only excess coverage for the accident in question and that the tractor-trailer operator, Ramon Aviles Reyes, was not an "insured" under the policy at issue. These arguments are not well taken.

First, the Court did not fail to consider Hannover's argument as to whether the policy in question should be considered excess coverage. In its Order, the Court explicitly found that the tractor-trailer was a "covered auto" under the policy. (Doc. No. 97, p. 14). Thus, because the Court found that the policy in question provided primary coverage for Dolly, the Court explained that it need not address Hannover's argument that the most the policy could do was provide excess coverage. (*See id.* at p. 14 n. 12). The issue of whether or not the policy provided excess coverage was rendered moot by the Court's ruling that the policy provided primary coverage. *See id.*

Secondly, Hannover did not properly raise the issue of whether Ramon Aviles Reyes was an insured under the policy at issue either before or during trial. The August 17, 2001 letter from Marti Lemieux to Dolly listing the reasons for Hannover's denial of coverage fails to list as a basis for denial that Mr. Reyes was not an insured under the policy, stating only that coverage was denied because Dolly did not own the tractor or trailer involved in the accident. (*See* Def. Trial Ex. 6, admitted on November 14, 2006). Hannover likewise did not raise this issue in its Motion for Summary Judgment, arguing only that coverage did

not exist because Dolly did not own the tractor in question and because the trailer was not attached to a scheduled tractor or truck under the meaning of the policy. (*See generally* Doc. No. 53). Furthermore, neither the Joint Pre-trial Statement filed by the parties on June 9, 2006, nor Hannover's Pretrial Statement raised the issue of whether Mr. Reyes was an insured under the policy or that this issue was an issue remaining to be litigated at trial. (*See* Doc. No. 67 & 70). Hannover, without notice to the opposing party or the Court, raised such issue for the first time during its closing argument at trial. This tactic is frowned upon by the Court and is intended to be precluded by Local Rule 3.06(e) and the Case Management and Scheduling Order.[2] (*See* Local Rule 3.06(e); Doc. No. 41, p. 8).

In addition, even if Hannover had properly raised the issue of whether Mr. Reyes was an insured under the policy, the fact that the Court did not specifically address this argument in detail in its Order is not a sufficient basis to amend or alter the judgment. A trial court need only make brief, definite, pertinent findings and conclusions upon the contested matters; there is no necessity for the trial court to assert the negative of rejected propositions or to engage in over-elaboration of detail or particularization of facts. *See Stock Equipment*

---

[2] Local Rule 3.06(e) states, in pertinent part: "The pretrial statement ... will control the course of the trial and may not be amended except by order of the Court in the furtherance of justice. If new evidence or witnesses are discovered after filing of the pretrial statement, the party desiring to use the same shall immediately notify opposing counsel and the Court, and such use shall be permitted only by order of the Court in the furtherance of justice." Local Rule 3.06(e); *see also* Doc. No. 41, p. 8 (stating that the Joint Final Pretrial Statement will control the course of the trial). By following these pretrial procedures, the issues and evidence supporting the positions of the parties can be examined prior to trial, they can be presented fully and fairly at the trial, and the Court can render an informed decision. Thus one party is prevented from "sandbagging" the other with issues or evidence that had not been previously disclosed in accordance with the Court's procedures.

*Co.*, 906 F.2d at 592. In the instant case, the Court unequivocally held that Dolly's trailer was a covered auto under the policy. (*See* Doc. No. 97, p. 14). The Court then found that even if Hannover's other arguments that the policy also denied coverage were well taken, the policy at issue would still provide coverage, as a policy which both provides and denies coverage for a sole incident is ambiguous and thus construed in favor of the insured. (*See id.*). Thus, there is no basis to alter or amend the judgment in the instant case.

### B.  The Court Did Not Err in Interpreting the Evidence

Hannover further argues that the evidence presented at trial failed to establish that Futurity was Hannover's agent for the purpose of receiving notice of the accident in question and the Patco litigation or that the policy provided coverage for the trailer involved in the accident. The Court finds that neither of these arguments warrants amending the judgment or ordering a new trial.

First, as Dolly points out, the issue of whether Futurity was Hannover's agent for the purpose of receiving notice, in addition to being raised for the first time in Hannover's instant motion, is irrelevant because the Court clearly found that Hannover had notice of the accident in question and wrongly denied coverage. The Court chronicled in detail several attempts undertaken by Alberto Mercado, Alberto Mercado through Futurity, and Nicholas Shannin through Hannover's agent BDL Management to notify Hannover of the Patco litigation from 2001 through 2004, all of which were met with a failure to timely act by Hannover on behalf of its insured, Dolly. (*See* Doc. No. 97, pp. 3, 4, 6, 7). Hannover's argument that the notice given to Futurity by Dolly is insufficient to support the Court's finding in the case at bar is based on the flawed premise that Dolly was required to perform

the "useless act" of providing another round of notice to the insurer after the insurer had unequivocally denied coverage for the incident in question, or that Dolly's alleged later breach of the notification and cooperation clauses under the policy is material. To the contrary, these two contentions were specifically rejected by the Court at trial and, as Dolly points out, are not contested by Hannover in the instant motion. Hence, this argument is without merit.

Lastly, Hannover argues that the Court erred in finding that coverage existed for the accident in question, because the policy was never meant to provide coverage for Patco's tractor. This argument was considered and rejected by the Court at trial, and Hannover presents no new evidence or no applicable law overlooked by the Court in reaching its conclusion that coverage existed. Thus, this is nothing more than an improper attempt to relitigate the issues presented at trial.

For the foregoing reasons, the Court will deny the Motion to Amend Findings and Motion for New Trial. (Doc. No. 99).

## Conclusion

Based on the Foregoing, the Motion to Amend Findings and Motion for New Trial, filed by Plaintiff Hannover Insurance Company, (Doc. No. 99), is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this 18th  day of January, 2007.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record